JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARROLL WATTS-LYNCH,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | CASE NO.: CV 15-9476-MWF (RAOx)<br><br>The Honorable Michael W. Fitzgerald,<br>United States District Judge<br><br>**JUDGMENT AFTER TRIAL** |

This action came on regularly for jury trial between February 13, 2018 and February 16, 2018, in Courtroom 5A of this United States District Court. Plaintiff Carroll Watts-Lynch was represented by Gregory W. Smith, Esq. and Diana Wang Wells, Esq. of Gregory W. Smith Law Offices. Defendant Delta Air Lines, Inc. was represented by Amy Wintersheimer Findley, Esq. and Peter Allen Griffin, Esq. of Allen Matkins Leck Gamble Mallory and Natsis LLP.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified and exhibits were admitted into evidence. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and

the cause was submitted to the jury. The jury deliberated and thereafter returned a special verdict as follows:

**Claim 1: Disability Discrimination**

1. Was Carroll Watts-Lynch able to perform the essential job duties with reasonable accommodation for her heart condition?
    YES _X_   NO ____
    If you answered "yes," proceed to Question No. 2. If you answered "no," proceed to Question No. 6.

2. Did Delta Air Lines refuse to return Carroll Watts-Lynch to work from a medical leave of absence?
    YES ____   NO _X_
    If you answered "yes," proceed to Question No. 3. If you answered "no," proceed to Question No. 6.

[Question Nos. 3 through 5 omitted.]

**Claim 2: Failure to Provide a Reasonable Accommodation**

6. Did Carroll Watts-Lynch have a heart condition that limited her ability to lift?
    YES _X_   NO ____
    If you answered "yes," proceed to Question No. 7. If you answered "no," proceed to Question No. 11.

7. Was Carroll Watts-Lynch able to perform the essential job duties of a Customer Service Agent, or any other available position for which she was qualified, with reasonable accommodation for her heart condition?
    YES _X_   NO ____
    If you answered "yes," proceed to Question No. 8. If you answered "no," proceed to Question No. 11.

8. Did Delta Air Lines fail to provide reasonable accommodation for Carroll Watts-Lynch's heart condition?
    YES _X_   NO ____
    If you answered "yes," proceed to Question No. 9. If you answered "no," proceed to Question No. 11.

9. Was Carroll Watts-Lynch harmed?
   YES _X_   NO ____
   If you answered "yes," proceed to Question No. 10. If you answered "no," proceed to Question No. 11.

10. Was Delta Air Lines' failure to provide reasonable accommodation a substantial factor in causing Carroll Watts-Lynch's harm?
    YES _X_   NO ____
    Proceed to Question No. 11.

11. If you answered "yes" to *either* Question No. 5 *or* Question No. 10, proceed to Question No. 12. If you answered otherwise, answer no further questions and have the foreperson sign and date this form.

**Defenses to Claims 1 and 2**

12. Would providing Carroll Watts-Lynch with a reasonable accommodation have created an undue hardship to the operations of Delta Air Lines?
    YES ____   NO _X_
    Proceed to Question No. 13.

13. Even with a reasonable accommodation, would Carroll Watts-Lynch *not* have been able to perform the essential job duties of the Customer Service Agent position, or any other available position for which she was qualified, without endangering her own health or safety?
    YES ____   NO _X_
    If you answered "no" to *either* Question No. 12 or Question No. 13, proceed to Question No. 14. If you answered otherwise (that is, you answered "yes" to *both* Question No. 12 *and* Question No. 13), answer no further questions and have the foreperson sign and date this form.

**Damages**

14. What are Carroll Watts-Lynch's total damages, taking into consideration her duty to reasonably mitigate her damages?

    Economic damages from the date she could have returned to work at Delta Air Lines following her heart attack to the date she actually returned to work: $__113,400.00___

---
3
**JUDGMENT AFTER TRIAL**

Non-economic damages from the date she could have returned to work at Delta Air Lines following her heart attack to the date she actually returned to work:  $__0___

TOTAL:  $__113,400.00_____

Now, therefore, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure**, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment in this action be entered as follows:

1. As to Plaintiff's first claim for relief for disability discrimination in violation of California Government Code §§ 12940, *et seq.*:  Judgment is entered in favor of Defendant Delta Air Lines, Inc. and against Plaintiff Carroll Watts-Lynch.  Plaintiff Carroll Watts-Lynch shall take nothing on her first claim.
2. As to Plaintiff's second claim for relief for failure to provide a reasonable accommodation in violation of California Government Code § 12940(m):  Judgment is entered in favor of Plaintiff Carroll Watts-Lynch and against Defendant Delta Air Lines, Inc., as follows: $113,400.00,
3. As the prevailing party, Plaintiff Carroll Watts-Lynch may file an application to recover her reasonable costs and attorneys' fees in accordance with California Government Code § 12965(b).

Dated: February 26, 2018.

_____
MICHAEL W. FITZGERALD
United States District Judge